JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMANA INC.,<br>        Plaintiff,<br><br>                        v.<br><br>MALLINCKRODT ARD LLC<br>(f/k/a Mallinckrodt ARD Inc., f/k/a<br>Questcor Pharmaceuticals, Inc.),<br>        Defendant. | CV 19-6926 DSF (MRWx)<br><br>Order GRANTING Defendant's<br>Motion to Transfer (Dkt. 89) |

Defendant Mallinckrodt ARD LLC moves to transfer this case to the District of Delaware.  Dkt. 89 (Mot.).  Plaintiff Humana Inc. opposes.  Dkt. 92 (Opp'n).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

Mallinckrodt produces H.P. Acthar Gel, a drug that has been available in the United States since it was approved by the FDA in 1952.  Dkt. 60 (SAC) ¶¶ 2, 44.  Acthar is an adrenocorticotropic hormone used as an anti-inflammatory.  Id. ¶¶ 5, 41.  Humana operates or administers Medicare Part D plans on behalf of federal and state governments and provides coverage for prescription drugs, including Acthar, through other plans.  Id. ¶ 39.

On August 8, 2019, Humana brought this action against Mallinckrodt relating to "Mallinckrodt's purposeful and illegal misconduct, much of which took place in and around the Central District of California[ and] caused an astronomical 97,500% increase in

the cost of Acthar gel."  Opp'n at 6; dkt. 1.  On March 9, 2020, the Court granted Mallinckrodt's motion to dismiss certain claims.  Dkt. 57.  On April 24, 2020, Humana filed its Second Amended Complaint (SAC).  On August 14, 2020, the Court dismissed certain claims in the SAC.  Dkt. 80.

On October 12, 2020, Mallinckrodt filed for Chapter 11 bankruptcy in the District of Delaware.  Mot. at 3-4.  On October 13, 2020, the Court stayed this case and ordered Humana to provide periodic status reports.  Dkt. 88.  On January 27, 2021, Mallinckrodt filed this motion to transfer this case to Delaware.  See Mot.

There are nine related actions pending across seven other districts.  In re Acthar Gel Antitrust Litig., No. MDL 2999, 2021 WL 2371299, at *1 (J.P.M.L. June 7, 2021).  Plaintiffs in five of the other actions moved under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, the District of New Jersey.  Id.  On June 7, 2021, the Judicial Panel on Multidistrict Litigation denied the request to centralize the litigation because, despite the legal and factual overlap among the actions, uncertainty about the timing and outcome of the bankruptcy proceedings made centralization premature.  Id. at *2.

## II. LEGAL STANDARD

A court may transfer a proceeding "related to" a bankruptcy proceeding in another district "in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.  Because section 1412 is "phrased in the disjunctive," transfer may be appropriate even where one factor is not present or "weigh[s] somewhat against transfer."  Jackson v. Fenway Partners, LLC, No. C 13-00005 JSW, 2013 WL 1411223, at *2 (N.D. Cal. Apr. 8, 2013); see also Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC, 410 B.R. 623, 629 (D. Minn. 2009) ("transfer under § 1412 requires a sufficient showing that granting the transfer either will be in the interest of justice or for the convenience of the parties.").

To determine if the transfer is in the interest of justice, the Court considers:

> [T]he economics of estate administration, the presumption in favor of the home court, judicial efficiency, the ability to receive a fair trial, the state's interest in having local controversies decided within its borders by those familiar with its laws, the enforceability of the judgment, and plaintiff's original choice of forum.

Senorx, Inc. v. Coudert Bros., LLP, No. C-07-1075 SC, 2007 WL 2470125, at *1 (N.D. Cal. Aug. 27, 2007) (citation omitted).  The factors relating to the convenience of the parties include: "(1) location of the plaintiff and defendant; (2) ease of access to necessary proof; (3) the availability of subpoena power for unwilling witnesses; and (4) expenses related to obtaining witnesses."  Jackson, 2013 WL 1411223, at *4.

The defendant has the burden of establishing that the transfer is warranted.  Id. at *2 (citing TIG Ins. Co. v. Smolker, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001)).  A request for transfer of venue under section 1412 "requires a case-by-case analysis that is subject to the broad discretion of the court."  TIG Ins. Co., 264 B.R. at 667-68.

## III. DISCUSSION

### A. This Action is Related to Mallinckrodt's Chapter 11 cases

Mallinckrodt claims this action should be transferred to Delaware because it arises under the bankruptcy code and relates to Mallinckrodt's Chapter 11 cases.  Mot. at 5.  Section 1412 applies to claims asserted directly against an estate, but a majority of courts have found it also applies to claims that are "related" to the bankruptcy estate.  Tapia v. Davol, Inc., 562 B.R. 765, 768 (S.D. Cal. 2016); Jackson, 2013 WL 1411223, at *2; Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C., No. C-06-4693-JCS, 2008 WL 425638, at *1 (N.D. Cal. Feb. 14, 2008).

3

The Court agrees this case is related to Mallinckrodt's Chapter 11 cases.  To determine whether "related to" jurisdiction exists, courts examine whether "the outcome of the [civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Feitz, 852 F.2d 455, 457 (9th Cir. 1988) (relying on Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).  If Humana were to prevail in this lawsuit, the damages would be drawn from the bankruptcy estate, which would have an effect on the estate.  The cases are therefore related.[1]

**B.      Transfer is in the Interest of Justice**

Mallinckrodt argues transfer is both in the interest of justice and convenient for the parties.  Id. at 7.  The Court agrees transfer is in the interest of justice.

First, "the economics of estate administration favor transfer because the action against [Mallinckrodt] is related to the bankruptcy proceedings in the District of Delaware." Baca v. Patriot Nat'l, Inc., No. 17-CV-03508-SK, 2018 WL 10435228, at *3 (N.D. Cal. June 19, 2018).  The Court agrees with Mallinckrodt that centralizing all the actions against it will "'best promote the economic and efficient administration' of the estate." Mot. at 8 (quoting Harris v. Vianda, LLC, No. 8:10-cv-01481-CJC-CW, 2011 WL 13227850, at *3 (C.D. Cal. Jan. 21, 2011)).

The Court has no control over whether the other cases are transferred to Delaware.  But it would promote economy and efficiency for the Bankruptcy Court to determine as many of these factually

---

[1] Courts are split on the issue of whether a proceeding that is "related to" a bankruptcy action, like this one, may be transferred under section 1412, or whether it must be transferred under 28 U.S.C. § 1404. Mendoza v. Gen. Motors, LLC, No. CV 10-2683-AHM (VBKx), 2010 WL 5224136, at *4 (C.D. Cal. Dec. 15, 2010) ("It appears that the Ninth Circuit Court of Appeals has not ruled on the issue, and district courts in the Ninth Circuit have transferred 'related to' proceedings under both statutes."). But "[g]iven the substantial overlap of analysis under the two statutes, the question is largely academic." Id. at *4 n.5.

similar and related claims as possible.  The promotion of economical and efficient administration of the bankruptcy estate is the most important factor under section 1412.  <u>Doe v. Weinstein Co. LLC</u>, No. CV183725MWFMRWX, 2018 WL 5880191, at *3 (C.D. Cal. June 14, 2018) (citing <u>Harris</u>, 2011 WL 13227850 at *3).

Second, there is a presumption in favor of the "home court," which is the district in which the bankruptcy proceeding is taking place.  <u>Senorx, Inc.</u>, 2007 WL 2470125, at *1 (citing <u>In re Bruno's, Inc.</u>, 227 B.R. 311, 326 (Bankr. N.D. Ala. 1998)).  "Although the seventh factor for consideration is the plaintiff's choice of forum, that factor is less important than the presumption in favor of the home court."  <u>Baca</u>, 2018 WL 10435228, at *3.  Here, the home court is the District of Delaware.

Humana argues the home court presumption does not justify transfer because "Mallinckrodt filed its chapter 11 bankruptcy petition in the District of Delaware not because of any substantial connection to that judicial district, but because one or more of its corporate affiliates happened to have its domicile or principal place of business in that district."  Opp'n at 8.  But Humana cites no law to support that theory.  Although Humana chose to sue in this district, the home court analysis favors the District of Delaware.

Third, judicial efficiency favors transfer to the District of Delaware.  Even if the pending cases against Mallinckrodt "involve a wide variety of plaintiffs, claims, legal theories, and procedural complexities," Opp'n at 9, there are many common core issues of fact and law and they should be decided in one forum.  This Court has had this case before it for almost two years but has decided only two motions to dismiss.  It has not become so familiar with the issues in the case, much less any evidence, that it is not in the interest of judicial efficiency to transfer the case.

Fourth, Humana does not explain why it will not have the ability to receive a fair trial in the District of Delaware.  <u>Baca</u>, 2018 WL 10435228, at *4.  Humana's witnesses may "likely" be located in

California, Opp'n at 11, but it does not argue it cannot present the same evidence and witnesses in the District of Delaware, only that it would potentially be more difficult.

Fifth, "[a]lthough California has an interest in having its laws enforced in courts located in California, . . . there is no reason to doubt that the [District of Delaware] can fairly adjudicate this action." <u>Harris</u>, 2011 WL 13227850, at *3.

Sixth, Humana will be able to enforce any judgment in Delaware. Humana claims it will be "more difficult" for it to enforce a judgment issued in Delaware because Mallinckrodt's headquarters are in California, Opp'n at 10, but does not explain why it would be any more difficult than enforcing a judgment issued by a court in the Central District of California.

The factors favor transfer to Delaware, and Mallinckrodt has met its burden of showing the interest of justice favors transfer of the case. The Court accordingly does not reach the analysis of whether transfer is convenient for the parties.  <u>See</u> <u>Jackson</u>, 2013 WL 1411223, at *2.

## IV. CONCLUSION

Mallinckrodt's motion to transfer is GRANTED.  The Clerk of Court is directed to transfer this case to the District of Delaware where Mallinckrodt's Chapter 11 cases are pending.

IT IS SO ORDERED.

Date: June 28, 2021

Dale S. Fischer
United States District Judge